

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Luis Carlos GARCIA-Armenta,  )<br>  )<br>Defendant.  ) | Mag. Case No. '08 MJ 8138<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1324 (a)(1)(A)(ii)<br>Illegal Transportation of Aliens |

The undersigned complainant, being duly sworn, states:

On or about February 12, 2008, within the Southern District of California, defendant Luis Carlos GARCIA-Armenta with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Jose Octavio HERNANDEZ-Lona, Juan Roberto HERNANDEZ-Ponce, and Reveriano DE LA TORRE-Loza had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Marco A. Miranda
Senior Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 13th DAY OF FEBRUARY 2008.

PETER C. LEWIS
United States Magistrate Judge

1  UNITED STATES OF AMERICA
2         v.
   Luis Carlos GARCIA-Armenta
3                        STATEMENT OF FACTS

4       The complainant states that this complaint is based upon statements in the investigative
5  reports by the apprehending agents, D. Blake and J. Lira that on February 12, 2008, the
6  defendant, Luis Carlos GARCIA-Armenta an illegal alien, was apprehended in Calexico,
7  California, as the driver of a tan 1985 Dodge Diplomat, as he smuggled sixteen (16)
8  undocumented aliens from Mexico, in violation of law.
9       On February 12, 2008, at approximately 10:00 a.m., Remote Video Surveillance Systems
10 (RVSS) operator K. Sheppard was conducting surveillance near the Calexico, California East
11 Port of Entry.  Agent Sheppard notified agents that a vehicle was loading people. Agent
12 Sheppard observed the vehicle approximately 1/2 mile south of Ash Canal on the north bank of
13 the All American Canal.
14      Agent Sheppard informed agents that the vehicle proceeded north along the west side of
15 the Ash Canal.  Agents Blake and Lira responded to the area and observed the vehicle as it
16 traveled eastbound toward the Port of Entry.  The RVSS operator confirmed with Agent Blake
17 that the vehicle was the same one that was previously observed.  Agents Lira and Blake followed
18 the tan vehicle northbound on Menvielle Road.
19      The vehicle was stopped on traffic on the intersection of Menvielle Road and Highway
20 98.  Both Agents Lira and Blake approached the tan Dodge Diplomat.  Agent Blake approached
21 the drivers' side, while Agent Lira approached the passengers' side.  Agent Blake observed
22 GARCIA behind the wheel of the vehicle and numerous people piled inside the vehicle.  Agent
23 Blake identified himself as a United States Border Patrol Agent and instructed GARCIA to turn
24 off and exit the vehicle. GARCIA was placed in handcuffs.
25      As Agent Blake, was instructing the occupants to exit the vehicle, he heard a bang
26 coming from inside the trunk of the vehicle.  Using the vehicle keys, Agent Blake tried to open
27 the trunk, but the keys didn't work.  Agent Blake noticed that the rear seat of the vehicle was
28 missing and could see individuals inside the trunk.  Agent Blake instructed the individuals to exit
29 the vehicle through the passenger side of the vehicle.

Agent Blake questioned GARCIA and the sixteen other individuals as to their citizenship. GARCIA and the sixteen subjects admitted to being citizens and national of Mexico without any immigration documents that would allow them to be in, live, or work in the United States legally. GARCIA was placed under arrest for Alien Smuggling. All the subjects were transported to the Calexico Border Patrol Station.

At the station, Agent S. Guzman advised Luis Carlos GARCIA-Armenta of his Miranda rights in the Spanish language. GARCIA acknowledged understanding his rights and was willing to answer any questions without an attorney present. GARCIA told agents that he is a citizen of Mexico, born in Culiacan, Sinaloa, Mexico. GARCIA stated that he understood he was arrested for smuggling illegal aliens. GARCIA stated that he was the driver of the vehicle containing sixteen illegal aliens. GARCIA stated that he was fully aware that transporting illegal aliens in the United States is illegal. GARCIA stated that he was driving the vehicle in lieu of a $2,500 smuggling fee.

Material Witnesses, José Octavio HERNANDEZ-Lona, Juan Roberto HERNANDEZ-Ponce, and Reveriano DE LA TORRE-Loza, stated they are citizens of Mexico illegally in the United States. HERNANDEZ-Lona and HERNANDEZ-Ponce, stated they both made arrangements to pay $2,500.00 to be smuggled into the United States. José Octavio HERNANDEZ-Lona, Juan Roberto HERNANDEZ-Ponce, and Reveriano DE LA TORRE-Loza stated they crossed the United States/Mexico International border illegally by boarding a raft and rafting across a canal into the United States. Juan Roberto HERNANDEZ-Ponce was shown a six pack photo line up and positively identified Luis Carlos GARCIA-Armenta as the individual that rafted the group across the canal. Reveriano DE LA TORRE-Loza was shown a six pack photo line up and positively identified Luis Carlos GARCIA-Armenta as the driver of the vehicle.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| José Octavio HERNANDEZ-Lona | Mexico |
| Juan Roberto HERNANDEZ-Ponce, | Mexico |
| Reveriano DE LA TORRE-Loza | Mexico |

Further, complainant states that José Octavio HERNANDEZ-Lona, Juan Roberto HERNANDEZ-Ponce, and Reveriano DE LA TORRE-Loza, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.